IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRANDALL WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-828-JPG |
| ) | |
| LEE RYKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**[1]

Plaintiff alleges that on October 21, 2008, he slipped and fell while exiting the shower at Lawrence Correctional Center. Plaintiff believed at first that he was uninjured. However, when he later woke up from a nap he was experiencing great pain in his back. Between the date of the injury and December 13, 2008, Plaintiff was seen by Defendant Dr. Fenoglio on two different occasions. The first time, Dr. Fenoglio prescribed Plaintiff some pain medication (naproxen) and a lower gallery permit. Because Plaintiff reported hearing a popping noise when he fell, Plaintiff requested, but was refused, an x-ray. The second time, Dr. Fenoglio performed some tests and concluded that Plaintiff had a ruptured disc. Dr. Fenoglio prescribed Plaintiff some stronger pain medication (tramadol). Although Plaintiff asked about having an x-ray, an MRI, or surgery to repair the disc, Dr. Fenoglio told Plaintiff to "wait and see what happens."

Plaintiff asserts that Dr. Fenoglio refused to see him between December 13, 2008 and May

---

[1]The Court notes that Plaintiff filed several supplements to his complaint. For purposes of this review, the complaint consists of the original complaint and the supplements (Docs. 1, 5, 6, and 7).

8, 2009.  When Dr. Fenoglio did see Plaintiff again, he placed him on "stronger medication," but Plaintiff contends that all of the medication caused his blood pressure to increase and, therefore, he was placed on blood pressure medication.  Plaintiff contends that he failed to get adequate follow-up monitoring for his blood pressure condition.

Additionally, Plaintiff states that in November 2009 he was found guilty of a disciplinary ticket for "failure to report to work."  Plaintiff states that he was unable to work due to his back condition, but Dr. Fenoglio failed to issue him a medical lay-in.  As a result of the disciplinary ticket, Plaintiff was placed on commissary restriction for one month and "no pay" status for 60 days.  Although Dr. Fenoglio ultimately gave Plaintiff a medical lay-in order, it came too late for this disciplinary action.

Finally, in September and October 2009, Dr. Fenoglio sent Plaintiff to a hospital for an MRI.  It appears that Plaintiff has a ruptured disc.  While Plaintiff has been receiving physical therapy for the condition, Dr. Fenoglio states that he is unable to send Plaintiff for surgery to repair the ruptured disc because "the State is broke."

**DISCUSSION**

At the outset, the Court finds that Plaintiff's claims against Defendants Walker and Cunningham should be dismissed pursuant to 28 U.S.C. § 1915A.  "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan*

*v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Plaintiff's complaint fails to allege any facts indicating that either Defendant Walker or Defendant Cunningham were "personally responsible" for the alleged denial of Plaintiff's medical care.  Because "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption," *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998), Plaintiff's complaint fails to state a claim against these Defendants.

Deliberate indifference to serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate.  *Estelle*, 429 U.S. at 107.  *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)].  Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough.  *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).  Applying these standards, the Court is unable to dismiss Plaintiff's Eighth Amendment medical claims against Defendant Fenoglio at this time.

With regard to the disciplinary ticket, it appears that Plaintiff is attempting to assert a Due Process claim against Dr. Fenoglio.  When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected

interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was only placed on commissary restriction for one month and "no pay" status for 60 days . Nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure while on such restrictions were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

Also before the Court is Plaintiff's motion to appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir.

1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so. Therefore, Plaintiff's motion for appointment of counsel (Doc. 3) will be denied without prejudice.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's Due Process claim against Defendant Fenoglio and all of Plaintiff's claims against Defendants Ryker and Cunningham do not survive review under § 1915A. Accordingly, these claims are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Because there are no other claims pending against them Defendants Ryker and Cunningham are **DISMISSED** as Defendants in this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Fenoglio**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Fenoglio** in the manner specified by Rule 4(d)(2)

of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I..D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in

accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: April 26, 2010.**

             <u>s/ J. Phil Gilbert     </u>
             **U. S. District Judge**